UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFREDO VILLOLDO, individually, and GUSTAVO E. VILLOLDO, individually, and as Administrator, Executor, and Personal Representative of the ESTATE OF GUSTAVO VILLOLDO ARGILAGOS,<br><br>Plaintiffs/Petitioners,<br><br>v.<br><br>FIDEL CASTRO RUZ, as an individual, and as an official, employee, or agent of The Republic of Cuba, RAUL CASTRO RUZ, as an individual, and as an official, employee, or agent of The Republic of Cuba, THE MINISTRY OF INTERIOR, an agency or instrumentality of The Republic of Cuba, THE ARMY OF THE REPUBLIC OF CUBA, an agency or instrumentality of The Republic of Cuba, and THE REPUBLIC OF CUBA, a foreign state,<br><br>Defendants,<br><br>v.<br><br>THE NORTHERN TRUST INTERNATIONAL BANKING CORPORATION,<br><br>Respondent. | Case No. 2:13-mc-00136-KSH<br><br>**PETITION FOR TURNOVER OF FUNDS** |

Petitioners, Alfredo Villoldo and Gustavo E. Villoldo, individually, and as Administrator, Executor, and Personal Representative of the Estate of Gustavo Villoldo Argilagos, petition this Court to enter an Order, pursuant to 28 U.S.C. § 1610(g), directing The Northern Trust International Banking Corporation ("Northern Trust") to turn over to Petitioners the funds identified below to satisfy the Petitioners' judgment because all conditions for the release of said funds have been satisfied.

{10225/00367181.1}

## NATURE OF THE PROCEEDING

1. This is a proceeding pursuant to Section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2337 ("TRIA"), Section 1610(g) of the Foreign Sovereign Immunities Act ("FSIA"), and N.J.S.A. 2A:17-57 *et seq.*, made applicable through Rule 69 of the Federal Rules of Civil Procedure.

2. Petitioners are judgment creditors of the Republic of Cuba. Pursuant to the TRIA and FSIA, Petitioners' judgment may be satisfied by executing upon assets of an agency or instrumentality of Cuba.

3. The U.S. Marshal levied or will levy a writ of execution upon the Respondent because they were known by Petitioners to be holding assets of agencies or instrumentalities of Cuba.

4. By this action, Petitioners seek turnover of those assets towards satisfaction of their judgments.

## JURISDICTION

5. This Court has jurisdiction over this matter under 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States. Supplemental jurisdiction is conferred on this Court by 28 U.S.C. § 1367(a) over any other claim that is so related to claims in this action within the Court's original jurisdiction that it will form part of the same case or controversy. This Court possesses *in rem* jurisdiction over the blocked property that is the subject of this turnover petition. *See* Decision and Order in *Hausler v. JPMorgan Chase Bank*, at p. 35, 09 Civ. 10289 (VM) (S.D.N.Y. Sept. 13, 2010).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and (f) in that the property that is the subject of this action is believed to be situated in this district and because Respondent has offices located in this district.

## PARTIES

7. Petitioners Alfredo Villoldo, individually, and Gustavo Villoldo, individually and as the administrator, executor and personal representative of the Estate of Gustavo Villoldo Argilagos (the "Villoldos"), are citizens of Florida. These Petitioners hold a judgment against the Republic of Cuba entered in the State of Florida, given full faith and credit by the United States District Courts for the Southern District of New York, the Western District of Pennsylvania and the District of Massachusetts, for economic loss, intentional infliction of emotional distress, and wrongful death as a result of acts of terrorism and torture against Petitioners and their father which started in January 1959 and continued through mid-2003.

8. By Court Order dated August 22, 2014, the Southern District of New York confirmed that the underlying state and federal court judgments against the Defendants are valid, entitled to full faith and credit under the United States Constitution, and fully enforceable in all state and federal courts. *Villoldo, et al. v. Banco Bilbao Vizcaya Argentaria (S.A.)*, No. 1:12-cv-01596 (AKH) (S.D.N.Y. Aug. 22, 2014).

9. Respondent The Northern Trust International Banking Corporation is a financial institution located in Jersey City, New Jersey. This Respondent maintains bank accounts in this district, including those subject to the Marshal's levy.

## BACKGROUND

16. Petitioners are victims of terrorism. The Villoldos commenced an action in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Florida State Court") pursuant to 28 U.S.C. § 1605A against the Republic of Cuba for extra-judicial killing and the acts of terrorism and torture against them.

17. The Republic of Cuba is a state sponsor of terrorism under section 6(j) of the Export Administration Act of 1979, codified at 50 U.S.C. App. 2405(j).

{10225/00367181.1}                                         3

18. Pursuant to the TRIA and FSIA, judgment creditors of state sponsors of terrorism may execute on all property of an agency or instrumentality of a state sponsor of terrorism or any property in which Cuba or its agencies and instrumentalities may have any interest.

19. Respondent holds blocked assets of Cuba or Cuba's agencies or instrumentalities.[1] Accordingly, under the TRIA, Petitioners are entitled to attachment and execution of those assets.

20. Section 201(a) of the TRIA provides that:

> Notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent any compensatory damages for which such terrorist party has been adjudged liable.

TRIA § 201(a), 116 Stat. at 2337.

21. Section 1610(g) of the FSIA provides for broader categories of property that can be attached and executed upon:

> [T]he property of a foreign state against which a judgment is entered under section 1605A, and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of—
>
> (A) the level of economic control over the property by the government of the foreign state;
> (B) whether the profits of the property go to that government;
> (C) the degree to which officials of that government manage the property or otherwise control its daily affairs;
> (D) whether that government is the sole beneficiary in interest of the property; or

---

[1] The TRIA defines 'blocked asset' as "any asset seized or frozen by the United States under Section 5(b) of the Trading With the Enemy Act (50 U.S.C.App § 5(b)) or under sections 202 and 203 of the International Emergency Powers Act (50 U.S.C. §§ 1701; 1702)." 15 U.S.C. § 1610 Note, TRIA § 201(d)(2), 116 Stat. at 2340. The funds the Plaintiffs seek were frozen under § 5(b) of the International Emergency Powers Act. As such, they are attachable "blocked assets" under the TRIA and subject to execution to the extent they are blocked assets of Cuba or of an agency or instrumentality of Cuba.

{10225/00367181.1} 4

(E) whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

28 U.S.C. § 1610(g).

22. Section 1610(g) expands the scope of property that may be attached to include "any U.S. property in which [Cuba] has any interest . . . whereas before [judgment creditors] could only reach property belonging to [Cuba]." *Estate of Heiser v. Islamic Republic of Iran*, 807 F.Supp. 2d 9, 18 (D.D.C. 2011) (citations omitted).

23. The Respondent holds assets in which Cuba or its agencies and instrumentalities have an interest. Accordingly, under the FSIA, Petitioners are entitled to attachment and execution of those assets.

## The Villoldo Judgment

24. On August 19, 2011, the Villoldos obtained a judgment against Cuba from the Florida State Court for $2,790,000,000 pursuant to 28 U.S.C. § 1605A (the "Villoldo Florida Judgment"). The Villoldo Florida Judgment was for economic loss, punitive damages, intentional infliction of emotional distress, and wrongful death as a result of the acts of terrorism and torture against the Villoldos and their father which started in January 1959 and continued through mid-2003.

25. On October 25, 2012, the Southern District of New York entered a judgment against Cuba in the amount of $2,903,233,898.07, which included interest calculated at the Florida post-judgment statutory interest rate from the date of the Florida Judgment through June 14, 2012 (the "Villoldo Federal Judgment"), and gave full faith and credit to the Villoldo Florida Judgment. Interest accrued at the Florida post-judgment statutory rate from June 15, 2012 through October 25, 2012. Interest continues to accrue on the Villoldo Federal Judgment at the federal statutory interest rate.

26. On March 1, 2013, Petitioners registered their judgment in this Court.

### Petitioners are Entitled to Execute on Assets Held by Respondents In Satisfaction of Their Judgments

27. The Judgment Debtor never appeared, defended or made any attempt to satisfy or otherwise acknowledge the Florida Judgment against it.

28. Petitioners' Florida Judgment was recognized and entered as a New York Judgment, by giving full faith and credit to their Florida Judgment.

29. The Villoldo judgment is in the amount of $2,903,233,898.07, as of June 14, 2012, plus interest.

30. Petitioners obtained a judicial order permitting them to execute on their Judgments pursuant to 28 U.S.C. §1610(c). *See* Doc. No. 3.

31. The United States Marshal has levied or will levy a writ of execution upon Respondent in accordance with N.J.S.A. 2A:17-1 *et seq.*, § 201 of TRIA, and 28 U.S.C. § 1610(g) against any property of the Republic of Cuba and/or its agencies or instrumentalities held, maintained, or in the possession or control of the Garnishee that is blocked pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)) and the Cuban Assets Control Regulations, 31 C.F.R. § 515.201 *et seq.*

### THE NEED FOR A TURNOVER ORDER

32. The United States government has blocked all funds in the Accounts pursuant to the Cuban Assets Control Regulations ("CACRs"), codified at 31 C.F.R. Part 515.

33. As a result of the CACRs and provisions of the FSIA, Petitioners are unable to effect a turnover of the funds in the Accounts to the Marshal to satisfy their judgments without a determination that the funds in these Accounts are subject to execution and turnover pursuant to the TRIA and FSIA.

34. Upon information and belief, no adverse claimants have priority over Petitioners to the funds that are subject to the writs of execution and the Marshal's levy.

35. To date, no release of funds from the Accounts has been made pursuant to the Marshal's levy.

36. The Villoldo judgment has not been fully satisfied.

37. Not more than 90 days have elapsed since the renewal of the writs of execution and the commencement of this proceeding.

38. Petitioners are giving contemporaneous notice of this Petition to the United States Treasury Department's Office of Foreign Asset Control by emailing the same to David Jones, Deputy Chief of the Civil Division of the United States Attorneys' Office for the Southern District of New York at: david.jones6@usdoj.gov.

## RELIEF SOUGHT

WHEREFORE, the Petitioners respectfully request that the Court enter orders directing Respondents to turn over to Petitioners the Accounts in their possession pursuant to the Cuban Asset Control Regulations, 31 C.F.R. Part 515, in which the Republic of Cuba, or its agencies and instrumentalities have an interest, together with accrued interest, in partial satisfaction of Petitioners' Judgment.

Dated: August ___, 2014

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By: _____
Edward H. Rosenthal, Esq.
Beth I. Goldman, Esq.
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Ave, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax:    (212) 593-9175

*Attorneys for Alfredo Villoldo, individually, and Gustavo E. Villoldo, individually, and as Administrator, Executor, and Personal Representative of the Estate of Gustavo Villoldo Agrilagos*