September 19, 2014

**Via ECF**

William T. Walsh, Clerk
United States District Court , District of New Jersey
Martin Luther King, Jr., Federal  & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re:    Villodo, et al., Plaintiffs v. Castro, et al., Defendants,**
**The Northern Trust International Banking Corporation,**
**Respondent,  No. 2:13-mc-00136 (KSH)**

ADJOURNMENT OF RETURN DATE OF PETITION FOR
TURNOVER OF FUNDS (DOC. NO. 4) PER L.CIV.R. 7.1(d)(5)

Dear Mr. Clerk:

We represent The Northern Trust International Banking Corporation
("TNTIBC").  Plaintiff has joined TNTIBC in this miscellaneous (post-
judgment) action as a respondent by a paper styled "Petition for Turnover
of Funds" ("the Petition").  TNTIBC is a banking institution in Jersey City,
New Jersey.

Plaintiffs filed and served the Petition on or about September 5, 2014. The
Petition, which is unverified, seeks dispositive relief against TNTIBC,
specifically, final turnover of assets that Petitioner claims should be made
available for execution in partial satisfaction of a judgment it holds against
the Defendants in this matter.  Respondent requires additional time to
respond to the Petition.

Plaintiffs did not serve any original process, such as a summons, with the
Petition.  Plaintiffs did not serve any notice of motion with it either.  If
Plaintiffs' Petition is in the nature of process (i.e., a summons and
complaint), then, having been served on September 5, TNTIBC's time to
answer, move or otherwise proceed with respect to the Petition would
expire after 21 days, on September 26, 2014.  By separate application,
TNTIBC is requesting that the Clerk issue a Clerk's Order pursuant to
L.Civ.R. 6.1(b) extending TNTIBC's time to answer, move or otherwise
reply by 14 days.

William T. Walsh, Clerk - *Villodo, et al. v. Castro et al.*
*v. The Northern Trust Int'l Banking Corp., Respondent*
APPLICATION FOR CLERK'S ORDER PER L.CIV.R. 6.1 OR
ADJOURNMENT PER L.CIV.R. 7.1(d)(5)
September 19, 2014  - Page 2

On the other hand, if the unverified Petition is in the nature of a dispositive
motion, then, having been served after August 22 and before September
12, that dispositive motion would have been returnable on October 6,
2014, and TNTIBC's opposition would have been due on September 22,
2014.

TNTIBC hereby invokes L.Civ.R. 7.1(d)(5) and **adjourns** the return date
of the Petition to the next available motion date,  **October 20, 2014**, with
TNTIBC's opposition papers due on October 6, 2014 and any reply due
October 14.

In further support of the foregoing adjournment notification, TNTIBC
states that (1) as Plaintiffs first filed and served the Petition on September
4, 2014 (Doc. No. 4),  this application is being made prior to any date on
which TNTIBC's responding papers could be due, and (2) no prior
adjournment has been requested or granted.

Respectfully yours,

HELLRING LINDEMAN GOLDSTEIN
 & SIEGAL LLP

By:   /s/Matthew E. Moloshok
        MATTHEW E. MOLOSHOK
        A Member of the Firm

MEM:st

cc:  Hon. Katherine S. Hayden, Sr. U.S.D.J.

      Counsel for Plaintiff:
          – Edward H. Rosenthal, Esq. (ECF and mail)
          – Beth I. Goldman, Esq. (ECF and mail)