Matthew E. Moloshok
HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
One Gateway Center - 8th Floor
Newark, New Jersey 07102-5386
(973) 621-9020
mmoloshok@hlgslaw.com
Attorneys for Respondent, The Northern Trust International Banking Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALFREDO VILLOLDO, et al., | : | |
| Plaintiffs/Petitioners, | : | Case No. 2:13-mc-0136-KSH |
| v. | : | |
| FIDEL CASTRO RUZ, et al., | : | |
| Defendants, | : | |
| v. | : | |
| THE NORTHERN TRUST INTERNATIONAL BANKING CORPORATION, | : | |
| Respondent. | : | |

RESPONSE IN OPPOSITION TO PETITION FOR TURNOVER OF FUNDS (ECF # 4) OF RESPONDENT, THE NORTHERN TRUST INTERNATIONAL BANKING CORPORATION

Respondent, The Northern Trust Company International Banking Corporation ("Respondent" or "TNTIBC"), by its undersigned counsel, responds to the allegations of the (unverified) Petition for Turnover of Funds herein (ECF # 4)("Petition") as follows:

1. Respondent admits the allegations of paragraph 1 of the Petition.

2. Respondent admits the allegations of paragraph 2 of the Petition on information and belief.

3. Respondent denies so much of paragraph 3 of the Petition as alleges that Plaintiffs/Petitioners have levied upon TNTIBC. To the best of Respondent's knowledge, information and belief, Plaintiffs/Petitioners have not levied upon any assets under, or subject to, the control of TNTIBC. Respondent lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 of the Petition.

4. Respondent admits so much of paragraph 4 of the Petition as asserts that Plaintiffs/Petitioners seek a turnover order, but denies the allegations of paragraph 4 of the Petition insofar as they allege or imply that Plaintiffs/Petitioners have shown a basis to permit or require turnover.

5. Respondent avers that paragraph 5 of the Petition argues legal effect. To the extent a response to Paragraph 5 of the Petition is required, Respondent leaves Plaintiffs/Petitioners to their proofs. Respondent further avers that, insofar as the matters alleged in the Petition rests upon a certain September 13, 2010 Decision and Order in *Hausler v. JPMorgan Chase Bank, N.A.*, that decision is at present on appeal to the United States Court of Appeals for the Second Circuit, *JPMorgan Chase Bank, N.A. v. Hausler*, Appeal No. 12-1264(L)(2d Circuit, argued Feb. 11, 2013).

6. Respondent admits the allegations of paragraph 6 of the Petition.

7-8. Respondent admits the allegations of paragraphs 7 and 8 of the Petition on information and belief.

9. Respondent admits so much of paragraph 9 of the Petition as alleges that Respondent

is a financial institution located in Jersey City, New Jersey and maintains bank accounts in this district. Respondent denies the remaining allegations made in paragraph 9 of the Petition and, without limitation, Respondent denies that any accounts in this District have been levied upon or are subject to levy or turnover in respect to Plaintiffs/Petitioners' alleged judgment.

10-15. The numbering of the Petition jumps from 9 to 16. For the avoidance of confusion, Respondent will continue its responses to the Petition at paragraph 16 of this Response.

16. Respondent denies knowledge or information sufficient to form a belief as to the matters alleged in paragraph 16 of the Petition and leaves Plaintiffs/Petitioners to their proofs.

17. Respondent avers that paragraph 17 of the Petition alleges purported legal effect. To the extent a response to Paragraph 17 of the Petition is required, Respondent admits that the Republic of Cuba has been designated as a state sponsor of terrorism by Executive Order during specified annual periods for purposes of section 6(j) of the Export Administration Act of 1979, codified at 50 U.S.C. App. 2405(j), and remains so designated by Executive Order for specified annual periods, and otherwise denies the allegations of Paragraph 17 of the Petition.

18. Respondent denies the allegations of paragraph 18 of the Petition, on the authority of *Estate of Heiser v. Islamic Republic of Iran*, 735 F.3d 934, 941 (D.C.Cir. 2013) [*"Estate of Heiser*"] and *Calderon-Cardona v. JPMorgan Chase Bank, N.A.*, 867 F. Supp. 2d 389 (S.D.N.Y. 2011)[ "*Calderon-Cardona*"], appeal pending, Appeal No. 12-75 (2d Circuit, argued Feb. 11, 2013). More specifically, to the best of its knowledge, information and belief, while TNTIBC has blocked certain wire transfers and one securities account pursuant to requirements of law, none of the assets that TNTIBC has blocked are property "***of***" the Republic of Cuba, or its agents

or instrumentalities.

19. Respondent denies the allegations of paragraph 19 and related footnote 1 of the Petition. Respondent admits, however, so much of footnote 1 of the Petition as alleges that "blocked assets" are only subject to turnover "*to the extent* they are blocked *assets of Cuba or an agent or instrumentality of Cuba*." (Emphasis added). Respondent further admits that it maintains "blocked assets," *i.e.,* transactions or accounts blocked pursuant to the Cuban Asset Control Regulations. To the best of Respondent's knowledge, information and belief, and on the authority of *Estate of Heiser* and *Calderon-Cardona* the blocked assets held by TNTIBC are not assets "of" the Republic of Cuba, and its agents and instrumentalities. In particular, Respondent, as an "intermediary bank," blocked certain wire transfers which were originated by non-Cuban originating banks; and Respondent blocked a Cuban-issued security held in a securities account. To the best of TNTIBC's knowledge, information and belief, and on the authority of the cited authorities, none of the blocked assets belong to persons or entities who are the Republic of Cuba or any of its agents or instrumentalities.

20. Respondent admits that Petitioner has accurately quoted the language of TRIA Section 201 in paragraph 20 of the Petition.

21 -22. Respondent denies the allegations of paragraphs 21 and 22 of the Petition. Section 1610(g) of FSIA states the extent of property which is subject to being "blocked" in the interests of the foreign relations of the United States, and makes no provision regarding what assets may be attached or executed upon. TRIA Section 201 limits attachment and execution to the subset of "blocked assets *of*" terrorist states and their agencies or instrumentalities (emphasis supplied), and, as such, requires consideration of whether, under other sources of law, the

terrorist state (or its agent or instrumentalities) has a property interest in the property blocked under FSIA section 1610(g) or whether that property is actually owned by, or subject to a superior interest in, another person (*i.e.*, a person who is not the Republic of Cuba or its agents and instrumentalities). *See generally Estate of Heiser* and *Calderon-Cardona*.

23. Respondent denies the allegations of paragraph 23 of the Petition. To the best of Respondent's knowledge, information and belief, and upon the authority of *Estate of Heiser* and *Calderon-Cardona* the blocked assets it maintains are not assets "of" the Republic of Cuba or any of its agents or instrumentalities.

24-30. Respondent admits the allegations of paragraphs 24 - 30 of the Petition, inclusive, upon information and belief.

31. Respondent denies the allegations of paragraph 31 of the Petition insofar as it alleges that the United States Marshal has levied on Respondent in respect to Plaintiffs/Petitioners' alleged judgment. Respondent is without knowledge or information as to the remaining allegations of paragraph 31 of the Petition and leaves Plaintiffs/Petitioners to their proofs.

32. Respondent admits the allegations of paragraph 32 of the Petition.

33. Respondent denies the allegations of paragraph 33 of the Petition.

34. Respondent is unable to respond to the allegations paragraph 34 of the Petition, as those allegations assume there has been a marshal's levy against Respondent in respect of Plaintiffs/Petitioners' alleged judgment, and there has been no such levy. Respondent avers that the wire transfers and securities account that Respondent blocked pursuant to the Cuban Asset Control Regulations remain blocked and subject to control of the Office of Foreign Asset Control and the United States Courts.

35 - 38. Respondent lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 35 - 38, inclusive, of the Petition.

## SEPARATE DEFENSES

**First Defense – Failure to State a Claim**

The Petition fails to state a claim on which relief can be based.

**Second Defense - No property rights in Cuba, its agents or instrumentalities**

1. On the authority of *Estate of Heiser* and *Calderon-Carmona*, Plaintiffs/Petitioners' claims for turnover are barred because TRIA only authorizes claims against "property of" terrorist states, their agents and instrumentalities, rather than all assets blocked under applicable asset control regulations.

2. Plaintiffs/Petitioners have failed to allege particular "blocked accounts" they assert to be subject to the ownership or control of the Republic of Cuba, its agents or instrumentalities, as required by *Estate of Heiser* and *Calderon-Carmona*.

3. Here, the "blocked accounts" maintained by Respondent pursuant to the Cuban Asset Control Regulations were blocked because the Cuban Asset Control Regulations require the blocking of any funds, property, or interests, however remote or contingent, in which any Cuban national, and not just Cuba or its agents or instrumentalities, may hold or obtain an interest. As such, Plaintiffs/Petitioners have no claim against the "blocked assets" except to the extent that they are assets "of" Cuba, and its agents or instrumentalities.

4. Plaintiffs/Petitioners have neither alleged nor shown a basis on which any of the assets for which they seek turnover are property "of" Cuba, or its agents or instrumentalities.

5. Moreover, on the authority of *Estate of Heiser* and *Calderon-Carmona*, and UCC 4A-

402 (N.J.S.A. 12A:4A:4-402), any rights or claims on the "blocked assets" which consist of interrupted wire transfers belong exclusively to the originators of such wire transfers or their banks ("originating banks") and to the best of Respondent's knowledge and information none of the originators or originating banks on the wire transfers it blocked are the Republic of Cuba or Cuba's agents or instrumentalities.

**Third Defense - Denial of Due Process**

Due process requires, among other things, that no person be deprived of property without notice and opportunity to be heard. However, Plaintiffs/Petitioners have failed to provide required notice and opportunity to be heard to persons with claims on the blocked assets, including, with respect to the interrupted wire transfers, any of the originators and originating banks.

**Fourth Defense - Subordination**

1. A prior levy was made on the "blocked accounts" at issue in this case by Aldo Vera Jr., as the executor of the Estate of Aldo Vera, Sr. (collectively "Vera"), pursuant to a competing unsatisfied judgment held by Vera against the Republic of Cuba.

2. Under New Jersey law, the first party to levy execution has priority. Plaintiffs/Petitioners' claim should therefore be denied or subordinated to the rights of Vera.

3. In all events, Respondent should not be subjected to inconsistent obligations to Plaintiffs/Petitioners and to Vera.

**Fifth Defense - Prior Pending Action**

1. There is a prior pending action relating to the "blocked assets," styled "*Aldo Vera, Jr., as Personal Representative of the Estate of Aldo Vera, Sr., Plaintiff, v. the Republic of Cuba,*

*Defendant, and the Northern Trust International Banking Corporation, Garnishee*," No. 12-mc-309 (FSH), in which a motion for turnover of a portion of the "blocked accounts" is pending.

2. Petitioner should not be subjected to multiple and potentially inconsistent directions in respect to whom to pay.

3. Plaintiffs/Petitioners' action should be dismissed, or stayed, and Plaintiffs/Petitioners should seek to intervene in the prior pending *Vera* action.

**Sixth Defense - Failure to Join Indispensable Parties**

Since other parties to the interrupted wire transfers or securities account which constitute the "blocked assets" have or may assert purported interests and equities in such assets, those parties are necessary and indispensable parties for purposes of *Fed.R.Civ.P.* 19, and the matter should not proceed in their absence. Therefore, the matter should be dismissed or stayed unless and until Plaintiffs/Petitioners joins and serves the parties who may have interests in the blocked assets, including, with respect to the interrupted wire transfers, the originators and originating banks with respect to the wire, the wire beneficiaries and the wire beneficiary banks.

**Seventh Defense - Failure to Verify the Petition**

The Petition was not verified by any person with personal knowledge, and as such cannot be the basis for the grant of injunctive or dispositive relief.

**Eighth Defense - Requirement of Plenary Action**

1. *Fed.R.Civ.P.* 69 authorizes proceedings to enforce judgments, but those proceedings "… must accord with the procedure of the state where the court is located….."

2. Under applicable New Jersey law, "The burden rests upon plaintiff to prove that the moneys [levied on] are the individual property of the judgment debtor, and therefore applicable

to the satisfaction of the judgment[.]" *Winchell v. Clayton*, 133 N.J.L. 168, 169 (Sup.Ct. 1945); *Esposito v. Palovick*, 29 N.J. Super. 3, 10-11 (App. Div. 1953) (same).

3. Turnover upon motion or summary proceeding is only available if the ownership of the account subject to levy is admitted or otherwise undisputed. Where, as here, no accounts are titled in the name of any of the judgment debtors, and determination of ownership of the accounts and whether they involve ownership by Cuba, or its agents or instrumentalities, and TNTIBC does not admit that the blocked assets are owned by Cuba or its agents or instrumentalities, the matter must proceed by summons and complaint. *See* N.J.S.A. 2A:17-63 (court may order a garnishee to turn over assets only "… upon notice to the garnishee and the judgment debtor *and if the garnishee admits the debt….*") (emphasis added); *Lesal Interiors, Inc. v. Echotree Associates, L.P.*, 47 F.3d 607, 615 (3d Cir. 1995) ("If the garnishee disputes the debt, a [turnover] motion under this provision must be denied"); *Skevofilax v. Quigley*, 810 F.2d 378, 383-85 (3d Cir. 1987) (in banc)(same); *Beninati v. Hinchliffe*, 126 N.J.L. 587, 589 (E. & A. 1941) (summary turnover may be ordered only if garnishee admits debt owed to judgment creditor); *Nat'l Cash Register Co. v. 6016 Bergenline Ave. Corp.*, 140 N.J. Super. 454, 457-58 (App. Div. 1976) (admission of the debt "is a jurisdictional *sine qua non* to an order" of turnover). *See also*, *Maiz v. Virani*, 311 F.3d 334, 343-45 (5th Cir.2002) (district court may not use a turnover proceeding to adjudicate whether a corporation is an individual judgment debtor's alter ego, as such actions require plenary adjudication).

WHEREFORE Respondent prays that the Court:

1) Dismiss the Petition with prejudice;

2) Permit Respondent to recover its costs of the action; and

3) Grant such other, further or different relief as the Court deems just.

HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
Attorneys for Respondent

By: s/ Matthew E. Moloshok
MATTHEW E. MOLOSHOK
A Member of the Firm

Dated: Newark, New Jersey
October 6, 2014